IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROY GRAY,

        Plaintiff,                    No. CIV S-06-1874 LKK EFB P

   vs.

TOM L. CAREY, et al.,

        Defendants.             <u>FINDINGS AND RECOMMENDATIONS</u>

                                /

       Plaintiff is a prisoner without counsel prosecuting this civil rights action in forma pauperis. *See* 42 U.S.C. § 1983; 28 U.S.C. § 1915(a). This proceeding was referred to the undersigned by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       On August 29, 2006, the court dismissed plaintiff's initial complaint with leave to amend. The court explained to plaintiff the deficiencies of his complaint and what was required of an amended complaint. On December 27, 2006, plaintiff filed an amended complaint and a document styled, "Motion - Amended Complaint." The "motion" contains allegations in support of the complaint. Therefore, the court construes this "motion" as part of the complaint.

       The court has reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and, for the following reasons, finds it fails to state a claim for relief.

////

1    To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant
2 deprived plaintiff of a right secured to him by the Constitution or laws of the United States while
3 acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). To state a claim that
4 defendants violated his right to due process, plaintiff allege that an identified state actor denied
5 plaintiff a specific right protected by the federal constitution without procedures required by the
6 constitution to ensure fairness, specifying the omission, or deliberately abused his power without
7 any reasonable justification that he acted in aid of any government interest or objective and only
8 to oppress in a way that shocks the conscience. *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995);
9 *Wolff v. McDonnell*, 418 U.S. 539, 563-566 (1974); *Rochin v. California*, 342 U.S. 165 (1952).
10 To state a claim that the conditions of imprisonment violate the Eighth Amendment prohibition
11 on cruel and unusual punishment, plaintiff must allege a specific individual was deliberately
12 indifferent to some basic human need such as food, clothing, shelter, medical care or safety. *See*
13 *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).
14 A prison official is deliberately indifferent when he knows of and disregards a risk of injury or
15 harm that "is not one that today's society chooses to tolerate." *See Helling v. McKinney*, 509
16 U.S. 25, 35 (1993); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

17   Plaintiff alleges that when defendant Cate Rapp began working at Solano State Prison,
18 she intentionally placed a false notation in plaintiff's central file stating that she and plaintiff
19 were related. He alleges that as a result, he was placed into administrative segregation for seven
20 months, until he was transferred to a different institution. Plaintiff has no federally cognizable
21 interest in being housed at any particular facility or in freedom from administrative segregation.
22 *See May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997); *Meachum v. Fano*, 427 U.S. 215, 224
23 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 245-49 (1983). Although the court in its order
24 dismissing plaintiff's initial complaint explained to plaintiff how to state a claim that the
25 conditions of confinement violate the Eighth Amendment, plaintiff makes no allegations about
26 the conditions of administrative segregation.

Insofar as plaintiff intends to raise a Fourth Amendment claim, his attempt fails. He has no Fourth Amendment right to freedom from a search of his cell, even if the search may have been unreasonable. *Hudson v. Palmer*, 468 U.S. 525 (1984). Furthermore, an unauthorized taking of property does not violate the due process clause of the Fourteenth Amendment when, as here, state law provides an adequate post deprivation remedy. *Hudson*, 468 U.S. at 533; *Parratt v. Taylor*, 451 U.S. 527 (1981); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994) (holding that Cal. Gov't Code § 810 provides such a remedy). Plaintiff alleges that when he was placed into administrative segregation, he lost his property. It is not clear whether this loss was a result of a search or whether there is simply a policy of confiscating certain property when a prisoner is placed in administrative segregation. Nor is it clear whether the taking was unauthorized or whether the property was returned to him. However, under the applicable law, it does not matter.

Plaintiff's allegations in the first amended complaint are insufficient to state a claim for relief.

Accordingly, it is hereby RECOMMENDED that this action be dismissed for plaintiff's failure to state a claim. *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

////

////

1 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3 Dated: April 10, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE